S UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS<br> *Plaintiff,*<br><br>VS.<br><br><br>WATER ENERGY SERVICES, LLC f/k/a WILEY ENERGY SERVICES, LLC<br> *Defendant.* | §§§§§§§§§§§§§§<br><br>CIVIL ACTION NO:5:20-CV-1456_ |

## COMPLAINT

Plaintiff, Zurich American Insurance Company of Illinois ("ZAICI"), by way of Complaint against Defendant, Water Energy Services, LLC f/k/a Wiley Energy Services, LLC ("WES"), states as follows:

## THE PARTIES

1. ZAICI is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAICI is authorized to transact business and has transacted business the State of Texas.

2. WES is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 142 N. Burnett Avenue, Charlotte, Texas 78011. Upon information and belief, WES consists of one Member who is a person and citizen of the State of California.

## ALLEGATIONS

3. The amount in controversy between the parties is in excess of $75,000.00

**4.** Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

**FACTUAL BACKGROUND**

5. ZAICI repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6. ZAICI issued a policy of workers compensation insurance to WES under Policy No. WC 3288527-00 for the effective dates of January 1, 2019 to January 1, 2020 ("WC Policy").

7. ZAICI issued a policy of general liability insurance to WES under Policy No. GLO 3288526-00 for the effective dates of January 1, 2019 to January 1, 2020 ("GLO Policy").

8. ZAICI issued a policy of business automobile insurance to WES under Policy No. BAP 3290099-00 for the effective dates of January 1, 2019 to January 1, 2020 ("BAP Policy")

9. The Policies were cancelled effective February 27, 2019.

10. The WC Policy, GLO Policy, and BAP Policy are hereinafter collectively referred to as the "Policies."

11. The Policies are insurance contracts which provide insurance coverage for certain liabilities of WES as set forth in the Policies.

12. ZAICI fulfilled its contractual obligations and provided coverage afforded by the Policies.

13. Pursuant to the terms of the Policies, initial premiums are based on estimated information submitted by WES regarding its estimated exposure (i.e. payroll, salaries, etc.) for the effective dates of coverage.

14. Since initial premiums are based on estimated information, the Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

WC Policy

15. The initial premiums for the WC Policy were $58,700.00.

16. WES did not pay any of the initial premiums for the WC Policy.

17. The audit of the WC Policy produced return premiums in the amount of $49,942.00.

18. Accordingly, the earned premium owed by WES for the WC Policy is $8,758.00 ($58,700 - $49,942).

19. ZAICI issued invoices and/or demands for payment of the earned premium in a timely fashion.

20. ZAICI has repeatedly demanded payment of the $8,758.00 balance owed by WES and has attempted to collect same without success.

21. WES remains indebted to ZAICI in the amount of $8,758.00 for the WC Policy.

GLO Policy

22. The initial premiums for the GLO Policy were $35,778.00.

23. WES did not pay any of the initial premiums for the GLO Policy.

24. The audit of the GLO Policy produced return premiums in the amount of $31,002.00

25. Accordingly, the earned premium owed by WES for the GLO Policy is $4,766.00 ($35,778 - $31,002).

26. ZAICI has issued invoiced and/or demands for the payment of the earned premium in a timely fashion.

27. ZAICI has repeatedly demanded payment of the $4,766.00 balance owed by WES and has attempted to collect same without success.

28. WES remains indebted to ZAICI in the amount of $4,766.00 for the GLO Policy.

BAP Policy

29. The initial premiums for the BAP Policy were $545,975.03.

30. WES did not pay any of the initial premiums for the BAP Policy.

31. The audit of the BAP Policy produced return premiums in the amount of $460,619.11.

32. Accordingly, the earned premium owed by WES for the BAP Policy is $85,356.00 ($545,975.03 - $460,619.11).

33. ZAICI issued invoices and/or demands for payment of the earned premiums in a timely fashion.

34. ZAICI has repeatedly demanded payment of the $85,356.00 balance owed by WES and has attempted to collect same without success.

35. WES remains indebted to ZAICI in the amount of $85,356.00 for the BAP Policy.

The Policies

36. Pursuant to the terms of the Policies, additional fees and charges in the amount of $14,507.00 were applied.

37. WES remains indebted to ZAICI in the amount of $113,397.00 ($8,758.00 + $4,776.00 + $85,356.00 + $14,507.00) plus additional interest to date due to its failure and refusal to remit payment of the premiums due on the Policies.

38. ZAICI has repeatedly demanded payment of the $113,397.00 balance owed by WES and has attempted to collect same without success.

39. WES has failed, refused and continues to refuse to remit payment of the audit premiums which WES owes to ZAICI pursuant to the terms of the Policy, thereby resulting in damages to ZAICI in the amount of $113,397.00.

## COUNT ONE
### (Breach of Contract)

40.ZAICI reasserts the allegations of Paragraphs 1 through 39 as if fully set forth herein.

41.The Policy is a written contract.

42.WES failed and refused to remit payment of the audit premiums in the amount of $113,397.00 pursuant to the terms of the Policy.

43.WES has breached the insurance contract between the parties by its failure and refusal to remit payment of the audit premiums which it owes to ZAICI pursuant to the terms of the Policy.

44.ZAICI has consistently met its contractual obligations to WES.

45.WES, through its failure and refusal to remit payment, has breached the contracts, i.e. the Policies.

46.WES's failure and refusal to pay the $113,397.00 balance which is owed to ZAICI has resulted in damages to ZAICI in the amount of $113,397.00, plus interest, attorney's fees, expenses and court costs.

**WHEREFORE**, ZAICI demands judgment against WES in the amount of $113,397.00 for compensatory damages, together with attorney's fees, costs of suit, interest and such further relief as this Court deems just and proper

## COUNT TWO
### (Unjust Enrichment)

47.ZAICI reasserts the allegations of Paragraphs 1 through 4 as if fully set forth herein.

48.ZAICI has provided insurance coverage and related services to WES for which WES has refused to pay.

49. WES acknowledged and accepted the insurance coverage and related services provided by ZAICI.

50. It would be unconscionable for WES to retain the benefits of insurance coverage and related services without payment to ZAICI.

51. ZAICI has repeatedly demanded that WES remit payment of the $113,397.00 owed to ZAICI for the insurance coverage and related services provided by ZAICI.

52. WES has failed, refused and continues to refuse to pay the balance due and owing to ZAICI, thereby resulting in damages to WES in the amount of $113,397.00.

**WHEREFORE**, ZAICI demands judgment against WES in the amount of $113,397.00 for compensatory damages, together with attorney's fees, costs of suit, interest and such further relief as this Court deems just and proper

### COUNT THREE
**(Account Stated)**

53. ZAICI reasserts the allegations of Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

54. ZAICI provide WES with account statements.

55. WES, being indebted to ZAICI upon accounts stated between them, promised to pay ZAICI upon demand.

56. WES did not dispute the account statements provided by ZAICI.

57. ZAICI has failed, refused and continues to refuse to pay the $113,397.00 balance which the owe to ZAICI, thereby resulting in damages to ZAICI in the amount of $113,397.00, plus interest, attorney's fees, expenses and court costs.

**WHEREFORE**, ZAICI demands judgment against WES in the amount of $113,397.00 for compensatory damages, together with attorney's fees, costs of suit, interest and such further relief as this Court deems just and proper

Dated: December 23, 2020

> Respectfully submitted,
>
> **PHELPS DUNBAR LLP**
>
> BY:   */s/ Peri H. Alkas*
>          Peri H. Alkas
>          Attorney-In-Charge
>          Texas Bar No.: 00783536
>          Federal ID No.: 15787
>          500 Dallas Street, Suite 1300
>          Houston, Texas 77002
>          Telephone: 713 626 1386
>          Facsimile: 713 626 1388
>          Email: peri.alkas@phelps.com
>
> **ATTORNEY IN CHARGE FOR PLAINTIFF, ZURICH AMERICAN INSURANCE COMPANY OF ILLONOIS**