IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | 5-20-CV-01456-FB-RBF |
| WATER ENERGY SERVICES, LLC.; ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, | § § § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motions to Dismiss Defendant Water Energy Service LLC's Third-Party Petition filed by Third-Party Defendants Higginbotham Insurance Company and McAnally Wilkins, Inc. *See* Dkt. Nos. 31 & 36. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 9. The Court has diversity jurisdiction over Plaintiff Zurich Insurance Company of Illinois's claims against Defendant Water Energy Services LLC ("WES"), and supplemental jurisdiction over WES's third-party claims. *See* 28 U.S.C. §§ 1332; 1367. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the Motions, Dkt. Nos. 31 & 36, should be **GRANTED**, and Defendant WES's third-party claims filed against Higginbotham and McAnally should be **DISMISSED**.

### Factual and Procedural Background

Plaintiff Zurich sued Defendant WES to recover money allegedly owed on three insurance policies Zurich issued to WES for the period January 1, 2019, to January 1, 2020. *See* Dkt. No. 1 ¶¶ 6-9. According to Zurich, initial premiums for the policies were based on estimated information submitted by WES. *See id.* ¶ 13. WES, Zurich alleges, was therefore subject to a post-expiration audit based on actual exposure during the effective dates of coverage. *See id.* ¶¶ 13-14. That post-expiration audit, Zurich alleges, revealed WES owes more than $100,000 in premiums and additional fees—money WES has allegedly refused to pay. *See id.* ¶¶18, 20, 25, 26-27, 32-34, 37-39. Accordingly, Zurich brings claims against WES for (1) breach of contract; (2) unjust enrichment; and (3) account stated. *See id.*

WES answered Zurich's complaint, denying that it owes any money to Zurich and raising third-party claims against Higginbotham and McAnally. *See* Dkt. No. 6. According to WES's live pleading, styled as a "Third Party Petition," McAnally, holding itself out as Zurich's broker, procured the insurance policies on WES's behalf. *See* Dkt. No. 25 (1st Amend. Counterclaim & 3d Party Petition) ¶¶ 5, 7-9. To do so, WES paid McAnally a $150,000 deposit for the policies. *See id.* ¶ 11. But Higginbotham—which also held itself out as a broker for Zurich and other insurance carriers—then approached WES and offered insurance at rates better than those provided by Zurich. *See id.* ¶ 6. WES took Higginbotham up on this offer, and through Higginbotham WES cancelled the policies with Zurich as of February 27, 2019. *See id.* ¶ 13. McAnally, in turn, returned "part of the deposit" "on the representation that Higginbotham would be invoiced by [Zurich] for any outstanding premiums." *Id.* ¶ 12. But Higginbotham "provided to WES notices that nothing was due and owing to [Zurich]." *Id.* (citing Ex. A).

Based on the foregoing, WES brought third-party claims against McAnally and Higginbotham for (1) breach of contract; (2) "agency/broker"; and (3) misrepresentations/fraud. *See* Dkt. No. 25. At the conclusion of each claim, WES demanded a "take nothing judgment against [Zurich] and or its broker[s]" along with a finding that both McAnally and Higginbotham were Zurich's agents.

Higginbotham and McAnally now move to dismiss WES's third-party claims for failure to comply with Rule 14 and failure to state a claim on which relief may be granted. *See* Dkt. Nos. 31 & 36. On August 18, 2021, the Court held an Initial Pretrial Conference. All parties appeared through counsel of record. During the hearing, the Court inquired whether WES desired to amend its third-party claims in light of Higginbotham and McAnally's motions to dismiss. WES declined to do so.

### Analysis

WES's third-party claims against McAnally and Higginbotham should be dismissed as improper under Rule 14 as well as for failure to state a claim on which relief may be granted and failure to comply with Rule 9(b).

### A.    WES's Third-Party Claims are Improper under Rule 14.

Federal Rule of Civil Procedure 14 allows a defendant, as a third-party plaintiff, to implead a party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(1). In other words, a third-party claim can be asserted by a defendant (or "defending party") under Rule 14(a)(1) when the third party's alleged liability is dependent on the outcome of the main claim against the defending party or when the third party is secondarily liable to the defending party. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure vol. § 1446

(3d ed. West 2021)). In contrast, "an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim." *United States v. Joe Grasso & Son, Inc*., 380 F.2d 749, 751 (5th Cir. 1967).

Here, WES's third-party complaint doesn't allege that either McAnally or Higginbotham is liable in whole or part to Zurich for the injury Zurich alleges WES inflicted. Instead, WES claims that McAnally or Higginbotham are separately liable to WES for a different injury. Although McAnally and Higginbotham's motions raise this issue, WES doesn't address it in response. Under Rule 14, "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." Advisory Comm. Notes to Fed. R. Civ. P. 14. As discussed further below, WES's third-party complaint is subject to dismissal for failure to state a claim on which relief may be granted. Accordingly striking WES's third-party claims—as opposed to severing them—is appropriate under these circumstances. *See* Fed. R. Civ. P. 14(a)(4).

**B.      WES's Third-Party Claims are Subject to Dismissal under Rule 12(b)(6).**

Each of WES's three claims against Higginbotham and McAnally—breach of contract, agency/broker, and misrepresentations/fraud fails to state a claim on which relief may be granted. And WES's claim for misrepresentations/fraud further fails in that it doesn't comply with Rule 9(b).

1.      *The Breach-of-Contract Claim Isn't Predicated on a Contract, Among Other Deficiencies.* To prevail on a claim for breach of contract, a third-party plaintiff such as WES must plead and ultimately prove (1) the existence of a valid express or implied contract;

(2) performance or tendered performance by WES, (3) breach of the contract, and (4) damages resulting from the breach. *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp*., 614 Fed. App'x 731, 744 (5th Cir. 2015). Here, WES fails to plead any of the elements necessary to support its breach-of-contract claim. It instead merely pleads the following:

> 16. The policy is a written contract.
>
> 17. A deposit of one hundred fifty thousand dollars and no 100/'s ($150,000.00) was paid for the Policies by WES to the broker/agent McAnally as a deposit of the [Zurich] Policy. McAnally returned part of the deposit stating [Zurich] would invoice Higginbotham for any monies due to [Zurich], if any.
>
> 18. Higginbotham, a broker/agent of [Zurich], cancelled the [Zurich] Policies indicating no monies where due and owing to [Zurich].

Dkt. No. 25 at 3.

The insurance policies were indeed written contracts, but they were entered into between WES and Zurich. The third-party contract claim, however, is levelled against Higginbotham and McAnally. WES doesn't allege that either Higginbotham or McAnally were parties to the policies or had obligations under them. Nor does WES plead facts to explain how either Higginbotham or McAnally could have breached an alleged contract with WES. To the contrary, WES concedes that McAnally returned a portion of the deposit and that Higginbotham cancelled the policies as allegedly promised.

In response to the motions to dismiss, WES urges that after cancelling the policies, Higginbotham "had duties to WES . . . to contact Zurich to ensure there were no premiums due prior to representing that none were due." Resp. at 5. But in making this allegation, WES cites no *contract* or *agreement* it had with Higginbotham imposing such duties. WES also appears to suggest that Wilkins agreed to accurately reconcile WES's account before it was cancelled. *See id.* But nowhere in WES's third-party complaint does WES allege that either Higginbotham or

McAnally contracted to assume these obligations. Nor does WES explain how it would've been damaged by Higginbotham or McAnally's actions where, according to Zurich, WES always owed the money at issue.

Accordingly, WES hasn't pleaded sufficient facts—even assuming the truth of those facts it has pleaded—to state a plausible breach-of-contract claim against either Higginbotham or McAnally. *See Tombly*, 550 U.S. 544, 570 (2007).

  **2.** *The "Agency/Broker" Claim Isn't Actionable as Pleaded.* WES's so-called "Agency/Broker" claim should similarly be dismissed. "Agency/Broker" isn't a valid cause of action. At most, WES could perhaps be alleging that an agency *relationship* existed between Zurich on one hand and Higginbotham and McAnally on the other. Such factual allegations can, under certain circumstances, serve as part of a valid cause of action. But facts pleaded to show that an agency relationship exists do not, without more, support any kind of stand-alone claim identified by WES.

  **3.** *The Negligent Misrepresentation/Fraud Claims Fail Under Rules 8(a) and 9(b).* WES's fraud and negligent-misrepresentation claims fail Rule 9(b)'s heightened pleading requirements. The text of Rule 9(b) plainly instructs that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). And "[a]lthough Rule 9(b) by its terms does not apply to negligent misrepresentation claims, [the Fifth Circuit] has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003). Here, WES's fraud and negligent-misrepresentation claims are based on the same set of alleged facts, making Rule 9(b) applicable to the negligent-misrepresentation claim.

"What constitutes 'particularity' will necessarily differ with the facts of each case," *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992), but, "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quotations omitted). In other words, "Rule 9(b) requires that plaintiffs plead enough facts to illustrate the who, what, when, where, and how of the alleged fraud." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quotations omitted). Such details are missing from WES's pleadings.

WES alleges merely that "[t]he brokers made representations to WES as broker[s]/agent[s] of [Zurich]." Dkt. No. 25 ¶ 23. Although not entirely clear from the third-party complaint, it appears WES takes issue with the following alleged misrepresentations by McAnally and Higginbotham: (1) McAnally's representation that if any premiums were due and owing, Zurich would invoice Higginbotham who, in turn, would invoice WES, *id.* ¶ 12; and (2) Higginbotham's tender of notices to WES providing that "nothing was due and owing to [Zurich]," *id.* (citing Ex. A). But missing are the relevant Rule 9(b) mandated details regarding these alleged misrepresentations, such as who on behalf of McAnally or Higginbotham made the statements, when or where they were made, or how such statements were fraudulent or constituted negligent misrepresentations at the time they were made. *Cf. Carroll*, 470 F.3d at 1174; *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

Moreover, the cancellation requests attached to WES's third-party complaint, as Exhibit A, undermine WES's allegations that Higginbotham represented no money was due. The cancellation requests provide that cancellation of the policies is "pro rata" and that "[a]ny

premium adjustment will be made in accordance with the terms and conditions of the policy." Ex. A to Dkt. No. 25. Accordingly, Higginbotham apparently notified WES that WES's premiums may be adjusted in accordance with the policies, and yet WES provides no pleaded facts to address how its fraud and negligent-misrepresentation claims intersect with this notice by Higginbotham.

Finally, WES's conclusory allegations that it relied on Higginbotham and McAnally's alleged misrepresentations to its detriment are too generalized and vague to state a claim. *See, e.g.*, *McKinney Square Props. No. 1 Ltd. v. Seneca Ins. Co., Inc*., No. 3:16-CV-0956-M, 2018 WL 2971130, at *3 (N.D. Tex. Feb. 22, 2018) (generalized allegations of reliance are insufficient to support claim for negligent misrepresentation).

For all these reasons, dismissal of WES's third-party claims is appropriate.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that the Motions to Dismiss, Dkt. Nos. 31 & 36, be **GRANTED** and Defendant WES's third-party claims filed against Higginbotham and McAnally be **DISMISSED**.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or

8

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

       **IT IS SO ORDERED**.

       SIGNED this 12th day of November, 2021.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE